UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

DEBORAH GAIL HARRIS,

      Debtor.

_____/

Case No. BG 14-04686

Chapter 7

## OPINION DENYING DEBTOR'S
## MOTION TO AVOID JUDICIAL LIEN ON REAL PROPERTY

Appearances:

William J. Greene, Esq., Muskegon, Michigan,
   attorney for DeBorah Gail Harris, Debtor.

I.       INTRODUCTION AND ISSUE PRESENTED.

DeBorah Gail Harris (the "Debtor") filed her chapter 7 petition on July 10, 2014. (Dkt. No. 1.)  On August 18, 2014, the Chapter 7 Trustee concluded the § 341 meeting and filed her Report of No Distribution in this no asset case.  (Dkt. No. 14.)  On July 21, 2014, the Debtor filed a Motion to Avoid Lien on Real Property (the "Motion") pursuant to Local Bankruptcy Rule 9013 through the process of Notice and Opportunity to Object. (Dkt. No. 10.)  The Debtor served the Motion on counsel for Progressive Michigan Ins,[1] whose lien the Debtor sought to avoid, and the Chapter 7 Trustee.  (Dkt. No. 10-4.)   No objections were filed and on August 21, 2014, the Debtor filed her Affidavit and Certificate

---

[1]     The Debtor's Motion, and the Notice of Judgment Lien attached to the Motion as Exhibit A, both identify the judgment creditor as "Progressive Michigan Ins."  For ease of reference, Progressive Michigan Ins is referred to herein as "Progressive."

of No Response or Objection, along with a proposed order approving the Motion.  (Dkt. No. 13.)

Upon the Court's review of the pleadings, including the proposed order, the Court determined to schedule a hearing to consider the Motion.  (Dkt. No. 15.)  A hearing was held on September 23, 2014, in Grand Rapids, Michigan.  Counsel for the Debtor appeared at the hearing; no other parties appeared.  At the conclusion of the hearing, the Court took the matter under advisement.

The sole issue presented is whether the Debtor may avoid Progressive's judicial lien under § 522(f)(1) of the Bankruptcy Code.[2]  Because the Debtor has failed to establish that Progressive's lien attached to an interest of the Debtor in property or impaired the Debtor's exemptions, the Court concludes that the Debtor is not entitled the relief requested in the Motion as a matter of law.

## II.    JURISDICTION.

The Court has jurisdiction over this bankruptcy case.  28 U.S.C. § 1334.  This bankruptcy case and all related proceedings have been referred to this Court for decision. 28 U.S.C. § 157(a); L. Civ. R. 83.2(a) (W.D. Mich.).  This contested matter is a core proceeding and this court may enter a final order.   28 U.S.C. § 157(b)(2)(K) (determinations as to the validity, extent, or priority of liens).

---

[2]    The Bankruptcy Code is set forth in 11 U.S.C. §§ 101-1532 inclusive.  Specific provisions of the Bankruptcy Code are referred to in this opinion as "§ ___."

III.   FACTS.

The following facts are taken from the pleadings filed by the Debtor with this Court. According to the Debtor's Schedule A, she did not own any real property at the time she filed her chapter 7 petition.  (Dkt. No. 1.)  On the filing date, the Debtor resided at 4888 Airline Highway in Muskegon, Michigan (the "Muskegon property").   The Debtor's Schedule G states that she rents this property from her daughter on a month-to-month basis and indicates that she intends to assume this lease obligation.  The Debtor did not claim any interest in real property as exempt on Schedule C.  The Debtor's Statement of Financial Affairs indicates in response to Question 10a that she has not transferred any property in the two years prior to the filing of her bankruptcy case.  In response to Question 15, the Debtor states that she has not moved in the three years prior to the filing of her bankruptcy case.

The Debtor's Motion states that it is filed pursuant to § 522(f) and requests that this court "avoid and cancel the judicial lien" held by Progressive on any "current or future interest in real property used by the [D]ebtor."  (Dkt. No. 10 at ¶ 2.)  The Motion further indicates that the existence of Progressive's lien on the Debtor's "current or future interest in real property impairs the exemption to which the [D]ebtor is entitled under 11 U.S.C. § 522(b)."  (Id. at ¶ 4.)

Attached to the Motion is a copy of the Notice of Judgment Lien filed by Progressive.  (Dkt. No. 10, Exh. A.)  The notice states that a judgment was entered against the Debtor by the State of Michigan, 60th Judicial District Court on March 27, 2013, in the amount of $8,295.40.  (Id.)  The Notice of Judgment Lien lists the Debtor's address as "4888 Airline Hy, Fruitport Township, MI 49444" and was recorded with the

Muskegon County Register of Deeds on August 23, 2013.  (Id.)  The judgment lien states

that it is being recorded against the Debtor's "current or future interest in real property."

(Id. at ¶ 1.)  The Notice of Judgment Lien is on an official form and is certified by a deputy

court clerk as having been filed and including the information "required by MCL

600.2805(1)."  (Id.)

IV.   DISCUSSION.

The Debtor's Motion was filed pursuant to § 522(f)(1), which provides that:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is  . . . a judicial lien . . . .

11 U.S.C. § 522(f)(1)(A).  The United States Supreme Court has explained that this

section of the Bankruptcy Code was enacted to protect debtors from judicial liens which

are "a device commonly used by creditors to defeat the protection bankruptcy law accords

exempt property against debts."  Farrey v. Sanderfoot, 500 U.S. 291, 297-98, 111 S. Ct.

1825, 1829-30 (1991).

Three elements must be satisfied in order for a debtor to avoid a judicial lien under

§ 522(f)(1).  First, the lien must be a judicial lien.  Second, there must have been a fixing

of a lien against an interest of the debtor in property.  And third, the lien must impair an

exemption to which the debtor would otherwise be entitled.[3]  See In re Chiu, 304 F.3d

---

[3]    Section 522(f)(2)(A) provides a statutory formula for determining the extent to which a lien impairs a debtor's exemption.  11 U.S.C. § 522(f)(2)(A); see generally In re Brinley, 403 F.3d 415, 419 (6th Cir. 2005).  That section states that:

> [A] lien shall be considered to impair an exemption to the extent that the sum of –
> (i)  the lien;
> (ii)  all other liens on the property; and

905, 908 (9th Cir. 2002); In re Jerew, 415 B.R. 303, 306 (Bankr. N.D. Ohio 2009) (citing McCart v. Jordana (In re Jordana), 232 B.R. 469, 473 (10th Cir. B.A.P. 1999)).  It is the Debtor's burden to establish the existence of each of these elements.  In re Jerew, 415 B.R. at 306 (citing In re Braslett, 233 B.R. 177, 189 (Bankr. D. Me. 1999)).

There is no question that the lien at issue is a judgment lien under Michigan law and a judicial lien as contemplated by § 522(f)(1)(A).  The Bankruptcy Code defines a "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."  11 U.S.C. § 101(36).  The Notice of Judgment Lien in this case references a prior state court judgment entered in favor of Progressive and against the Debtor.  The Notice further states that it is filed in accordance with Mich. Comp. Laws § 600.2805, which is part of the Michigan judgment lien statute.[4]

However, the Debtor has not met her burden of establishing that there was a "fixing of [the] lien on an interest of the [D]ebtor in property."  The Supreme Court addressed this element in Farrey, explaining that "fixing" refers to the "fastening of a liability" which is a "temporal event."  Farrey, 500 U.S. at 296, 111 S. Ct. at 1829.  That event "presupposes an object onto which the liability can fasten" which is defined by the statute as "an interest of the debtor in property."  Id.  Farrey further held that a debtor must possess the requisite

---

(iii)  the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).  Because the Debtor has failed to establish that she is entitled to avoid Progressive's lien under the other requirements of § 522(f)(1)(A), the Court need not apply the statutory formula in this opinion.

[4]     Section 600.2805 addresses notice, content, certification, and service requirements for liens filed under the judgment lien statute.

interest before the lien attached.  Id. The "critical inquiry" of whether a debtor "ever possessed an interest to which the lien fixed, before it fixed, is a question of state law." Id.

Michigan's judgment lien statute is found at Mich. Comp. Laws § 600.2801 et seq. The statute provides, in part:

> A judgment lien attaches to a judgment debtor's interest in real property if a notice of judgment lien is recorded in accordance with this chapter in the land title records of the register of deeds for the county where the property is located. The judgment lien attaches at the time the notice of judgment lien is recorded or, for after acquired property, at the time the judgment debtor acquires the interest in the property.

Mich. Comp. Laws § 600.2803.  The statute defines an "interest in real property" as "an interest enumerated in section 6018." See Mich. Comp. Laws § 600.2801.  Section 6018 identifies the real property interests of a judgment debtor that are subject to execution, levy and sale, but specifically excludes "tenancies at will."  See Mich. Comp. Laws § 600.6018.  A lease that may be terminated upon one month's notice – a month-to-month tenancy – is a tenancy at will under Michigan law.  See Mich. Comp. Laws § 554.134.

In this case, the judgment lien attached on August 23, 2013, the date on which it was recorded with the Muskegon County Register of Deeds, to the interests of the Debtor in real property as defined under the Michigan statute.  The only evidence before this court regarding the Debtor's interest in the Muskegon property are the disclosures made on her Schedule G and in her Statement of Financial Affairs.  Those documents indicate that, at the time the lien was recorded, the sole interest the Debtor had in the Muskegon property was the month-to-month lease from her daughter.  The Debtor's interest under the lease is a tenancy at will and is not a property interest to which the judgment lien would attach.

The Michigan judgment lien statute also provides for attachment of the judicial lien to after-acquired property at the time the judgment debtor acquires the interest in the property.  Again, there is no evidence that that Debtor acquired or held any interest in the Muskegon property, other than her interest under the lease, at any time after the lien was recorded but prior to the July 10, 2014, bankruptcy petition date.[5]  Accordingly, the Debtor has not satisfied the second requirement of § 522(f)(1).

Finally, the Debtor has failed to prove that Progressive's judicial lien impairs an exemption to which she would have otherwise been entitled.  The filing of a bankruptcy case creates an estate which includes "all legal or equitable interests of the debtor in property."  11 U.S.C. § 541(a).  Section 522(b) allows the debtor to exempt certain property from property of the estate.  It is well-settled that both property of the estate (with some exceptions) and exemptions are determined as of the filing date.  In re OBrien, 443 B.R. 117, 129-30 (Bankr. W.D. Mich. 2011) (citing White v. Stump, 266 U.S. 310, 45 S. Ct. 103 (1924)) (additional citations omitted).  It is also readily apparent that property cannot be exempted unless it first falls within the bankruptcy estate.  See Owen v. Owen, 500 U.S. 305, 308, 111 S. Ct. 1833, 1835 (1991) ("obviously . . . an interest that is not possessed by the estate cannot be exempted").

---

[5]     Even if the Debtor had acquired an interest in the Muskegon property after the recording of the judicial lien, but prior to the petition date, the Supreme Court's holding in Farrey might preclude the Debtor from avoiding the judicial lien.  Farrey, 500 U.S. at 296, 111 S. Ct. at 1829 (to avoid a judicial lien under § 522(f)(1), the debtor must have "the property interest at some point *before* the lien attaches to that interest") (emphasis in original); compare In re Scarpino, 113 F.3d 338 (2d Cir. 1997) (debtor not entitled to avoid judicial lien because under New York law, lien attached at same time debtor acquired property) with In re Anderson, 496 B.R. 812 (Bankr. E.D. La. 2013) (distinguishing Farrey and permitting debtor to avoid lien on after-acquired property).

The facts of this case do not require the court to decide this issue.

The only interest in the Muskegon property disclosed on the Debtor's bankruptcy schedules is the month-to-month tenancy. The Debtor did not claim that interest, or any other interest in real property, as exempt in her original bankruptcy petition and schedules. To date, the Debtor has not amended her schedules to claim ownership of the Muskegon real property or to claim an exemption therein. The third element of § 522(f)(1) has not been met.

Despite her failure to establish two of the requisite elements of § 522(f)(1), the Debtor argues that under the judgment lien statute, Progressive's lien could attach to the Debtor's future interests in real property. The Debtor asserts that the lien may be avoided to protect against that possibility. This court may not issue advisory opinions based on possible future events and therefore declines to do so. See Preiser v. Newkirk, 422 U.S. 395, 401, 95 S. Ct. 2330, 2334 (1975) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." The judgment of a federal court "must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") (quoting North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 404 (1971)).[6] Under the current facts of this case, the Debtor may not avoid Progressive's judicial lien under § 522(f)(1).[7]

---

[6]     "The limits Article III imposes on federal jurisdiction apply equally to bankruptcy courts." Day v. Klingler (In re Klingler), 301 B.R. 519, 523 (Bankr. N.D. Ill. 2003).

[7]     Although the Debtor is not entitled to relief under § 522(f)(1), the Court notes that she may be able to extinguish Progressive's lien by other means. For example, § 600.2809 of the Michigan judgment lien statute provides that:

IV.   CONCLUSION.

For the foregoing reasons, the Court concludes that the Debtor has not met her burden to avoid Progressive's judicial lien pursuant to § 522(f)(1).  The Debtor's Motion is denied.  A separate order shall be entered accordingly.

---

(6)  A judgment lien is extinguished when 1 or more of the following are recorded with the office of the register of deeds where the judgment lien is recorded:

. . . .

(d)  A copy of the judgment debtor's discharge in bankruptcy issued by a United States bankruptcy court and a copy of the bankruptcy schedule listing the judgment debt.  This subdivision does not apply if an order entered in the judgment debtor's bankruptcy case determining that the debt is nondischargeable is recorded with the register of deeds.

Mich. Comp. Laws § 600.2809(6).  This Court's denial of the Debtor's Motion under § 522(f)(1) is without prejudice to the Debtor's right to seek to extinguish the lien under Mich. Comp. Laws § 600.2809(6) or other applicable state law.

**IT IS SO ORDERED.**

**Dated December 23, 2014**




James W. Boyd
United States Bankruptcy Judge